IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02504-BNB

FERNANDO ROY WILSON,

    Applicant,

v.

ARISTEDES ZAVARAS, Executive Director, DOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN W. SUTHERS,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR -3 2009

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Applicant, Fernando Roy Wilson, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Wilson initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in El Paso County, Colorado, district court case number 95CR4018. He has paid the $5.00 filing fee for a habeas corpus action.

In an order filed on November 24, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On December 11, 2008, Respondents filed their pre-answer response. On January 2, 2009, pursuant to a December 12, 2008, minute order, Respondents supplemented the pre-answer

response. On February 10, 2009, after being granted an extension of time, Applicant filed a reply to the pre-answer response.

The Court must construe liberally the application and reply filed by Mr. Wilson because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the instant action.

On May 28, 1996, Mr. Wilson was convicted by a jury in El Paso County District Court Case No. 95CR4018 on six counts of attempted extreme indifference murder. He was sentenced to a term of forty years in the custody of the DOC on one count, and to concurrent sixteen-year terms for each of the remaining five counts, to run consecutive to the forty-year term. On September 3, 1998, the Colorado Court of Appeals affirmed on direct appeal. *See People v. Wilson*, No. 96CA1667 (Colo. Ct. App. Sept. 3, 1998) (not published). On May 18, 1999, certiorari review was denied.

On September 9, 1999, Mr. Wilson moved for reconsideration of his sentences pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. It is not clear from the state record whether the trial court denied the motion. On June 3, 2002, Mr. Wilson, pursuant to Colo. Rev. Stat. § 18-1-410, moved for postconviction relief, which the trial court initially denied as untimely. However, on April 24, 2003, the trial court granted Mr. Wilson's motion to reconsider, and the postconviction proceedings

continued until November 29, 2004, when the trial court deemed Mr. Wilson's 2002 motion to be abandoned.

On May 8, 2006, Mr. Wilson filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Civil Procedure, which the trial court denied on June 21, 2006. On October 11, 2007, the Colorado Court of Appeals affirmed. *See People v. Wilson*, No. 06CA1472 (Colo. Ct. App. Oct. 11, 2007) (not published). On April 16, 2008, certiorari review was denied. On November 7, 2008, Mr. Wilson submitted his habeas corpus application to this Court. He asserts three claims.

Respondents contend that the instant action is not filed in a timely manner, i.e., within the one-year limitation period in 28 U.S.C. § 2244(d). The Court agrees, but for a different reason than that asserted by Respondents. Title 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although Mr. Wilson did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied certiorari review on May 18, 1999, to do so. *See* Sup. Ct. R. 13. Therefore, figuring from May 19, 1999, the day after the Colorado Supreme Court denied his certiorari petition, his conviction became final on August 17, 1999, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

Mr. Wilson does not allege that unconstitutional state action prevented him from filing the instant action sooner, that he is asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or that he could not have discovered the factual predicate for his claims at the time he was convicted and sentenced. Therefore, the one-year limitation period began to run on August 18, 1999, the day after his conviction became final. Mr. Wilson did not submit his application to this Court until November 7, 2008.

A period of 23 days passed between August 17, 1999, when his conviction became final, and September 9, 1999, when Mr. Wilson filed his Colo. R. Crim. P. 35(b) motion. The Court will not count the period from September 9, 1999, when Mr. Wilson filed his Colo. R. Crim. P. 35(b) motion, through November 29, 2004, when the trial court deemed the postconviction motion Mr. Wilson filed on June 3, 2002, to be abandoned, *see* pre-answer response, ex. A, Lexis/Nexis register of actions at 19, plus the period from November 30, 2004, to January 14, 2005, the forty-five days during which Mr. Wilson could have sought an appeal under state law, *see Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), *see also* Colo. R. App. P. 4(b).

Unlike Respondents, the Court does not consider the Colo. R. Crim. P. 35(c) motion that Mr. Wilson filed on May 8, 2006, to be a possible continuation of the postconviction motion the state court deemed on November 29, 2004, to have been abandoned. "A prisoner should not be able to take advantage of state law procedures by repeatedly beginning a process and abandoning it." *See Gibson*, 232 F.3d at 807.

Counting from January 15, 2005, the day after the forty-five-day period expired for appealing from the state trial court's November 29, 2004, decision deeming Mr. Wilson's 2002 motion to be abandoned, Mr. Wilson waited 479 days until May 8, 2006, to file his Colo. R. Crim. P. 35(c) postconviction motion. The Colo. R. Crim. P. 35(c) motion remained pending in state court until April 16, 2008, when certiorari review was denied. Mr. Wilson then waited another 205 days until November 7, 2008, to submit his habeas corpus application to this Court. Therefore, the Court finds that a total of 707

days count against the one-year limitation period, and that Mr. Wilson's application is time-barred.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Mr. Wilson bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* Simple excusable neglect is not sufficient to support equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978.

Mr. Wilson fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Wilson fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period.

The Court next will address whether Mr. Wilson exhausted state remedies as to each of his asserted claims. As previously stated, Mr. Wilson asserts three claims. As his first claim, he asserts that he had ineffective assistance of counsel because his trial attorney failed to investigate, prepare, or mount any mental defenses, failed to present favorable evidence, and failed to object to prosecutorial misconduct. As his second claim, he asserts that the district attorney suppressed evidence favorable to him. He specifically asserts that the district attorney knew his codefendant lied, apparently at trial, about the conditions of the plea bargain. As his third claim, he asserts that the trial

court abused its discretion under the Rule 404(b) of the Colorado Rules of Evidence in admitting an alleged death threat he had made to a witness, thus violating his due process rights.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

7

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). The Court will address each claim in the order asserted.

Respondents argue Mr. Wilson failed to exhaust his ineffective-assistance-of-counsel claim (claim one) that his trial attorney failed to investigate, prepare, or mount any mental defenses; failed to present favorable evidence; and failed to object to prosecutorial misconduct. Mr. Wilson did not raise this claim on direct appeal. *See* pre-answer response, exs. B, D. Although it is unclear whether he alleged ineffective assistance of counsel in his June 3, 2002, and May 8, 2006, postconviction motions, it is clear he did not assert such a claim on appeal to the Colorado Court of Appeals from the denial of the May 8, 2006, motion. *See* pre-answer response, ex. F. Therefore, Mr. Wilson has failed to exhaust state remedies as to his first claim. *See Castille*, 489 U.S. at 351.

Respondents argue Mr. Wilson also failed to exhaust his second claim that the district attorney suppressed evidence favorable to him and knew his codefendant lied, apparently at trial, about the conditions of the plea bargain. Mr. Wilson raised a different claim on direct appeal. On direct appeal, Mr. Wilson argued that the trial court erred by excluding a colloquy from the codefendant's providency hearing, at which the codefendant affirmed the court's advisement that he was expected "to testify consistent with what you have told the Prosecution about this so far" or his plea bargain would

8

"fall[] apart." *See* pre-answer response, ex. E at 3; ***see also*** ex. B at 16-18, ex. D at 1-3. Although it is unclear whether he raised a prosecutorial suppression claim in his June 3, 2002, and May 8, 2006, postconviction motions, it is clear he did not assert such a claim on appeal to the Colorado Court of Appeals from the denial of the May 8, 2006, motion. *See* pre-answer response, ex. F. Therefore, Mr. Wilson has failed to exhaust state remedies as to his second claim. *See Castille*, 489 U.S. at 351.

Respondents argue that Mr. Wilson failed to present his third claim, i.e., that the trial court abused its discretion under Colo. R. Evid. 404(b) in admitting an alleged death threat he had made to a witness, thus violating his due process rights, as a federal constitutional claim to the Colorado Court of Appeals, either on direct appeal or in a postconviction proceeding. *See* pre-answer response, ex. B at 24-25, exs. D., F. Because a claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted, *see Duncan*, 513 U.S. at 365-66, claim three is not exhausted.

Although Mr. Wilson failed to exhaust state court remedies for his claims, the Court may not dismiss the claims for failure to exhaust state remedies if Mr. Wilson no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because any future claim would be denied as successive under Colo. R. Crim. P. 35(c)(3), either because it was raised or resolved in a prior appeal or postconviction proceeding, *see* Rule 35(c)(3)(VI), or because it could have been presented in an appeal or postconviction proceeding previously brought, *see* Rule 35(c)(3)(VII), or because the ineffective-assistance-of-

counsel claim could have been presented in a prior postconviction proceeding. *See* Rule 35(c)(3)(VIII). Therefore, the claims that Mr. Wilson failed to exhaust are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." ***Jackson v. Shanks***, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See **Coleman v. Thompson***, 501 U.S. 722, 730 (1991). Mr. Wilson's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See* ***Lepiscopo v. Tansy***, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Wilson must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See **Murray v. Carrier***, 477 U.S. 478, 488 (1986); ***United States v. Salazar***, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." ***Murray***, 477 U.S. at 496; *see also **United States v. Cervini***, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." ***Schlup v. Delo***, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Wilson first must "support his allegations of constitutional error with new reliable

10

evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* Mr. Wilson then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Wilson fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, the Court finds that his unexhausted claims are procedurally barred because Mr. Wilson has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. Accordingly, it is

ORDERED that the habeas corpus application is denied as time-barred and as procedurally barred.

DATED at Denver, Colorado, this 3 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02504-BNB

Fernando Roy Wilson
Prisoner No. 90838
Arkansas Valley Corr. Facility
PO Box 1000 - 5-A
Crowley, CO 81034

Jonathan P. Fero
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/3/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk